**In re INTERNATIONAL DESIGN & DISPLAY GROUP, INC.,**
Debtor.

**Bankruptcy No. 92–16529–BKC–SMW.**

United States Bankruptcy Court,
S.D. Florida,
Miami Division.

Jan. 5, 1993.

Paul L. Orshan, Miami, FL, for debtor.

*ORDER GRANTING VISCOUNT GROUP, INC.'S EMERGENCY MOTION TO PROHIBIT DEBTOR'S USE OF CASH COLLATERAL, SETTING EVIDEN-TIARY AND CONTINUING HEARING ON VISCOUNT'S MOTION FOR RE-LIEF FROM AUTOMATIC STAY*

SIDNEY M. WEAVER, Chief Judge.

THIS CAUSE, having come before the Court on December 1, 1992, upon Viscount Group, Inc.'s ("Viscount") Motion to Pro-

hibit Debtor's Use of Cash Collateral, the Court, having reviewed the pleadings, having heard argument of counsel and having reviewed the memoranda of law submitted by Viscount and the Debtor and being duly advised in the premises, does hereby make the following findings of fact and conclusions of law:

## FINDINGS OF FACT

1. On or about December 15, 1988, the Debtor executed and delivered to Barnett Bank of South Florida, N.A. ("Barnett Bank") a Master Note (the "Master Note") in the principal amount of $250,000 with a maturity date of December 31, 1989.

2. As collateral for the Master Note (and any renewals or extensions thereof), the Debtor simultaneously granted to Barnett Bank a security interest (the "Security Interest") in certain personal property pursuant to a Security Agreement. The Security Interest was perfected by the filing of a UCC–1 Financing Statement (the "Financing Statement") which was recorded with the Secretary of State of Florida on December 23, 1988, under File No. 88–0000085831.

3. On or about December 31, 1989, the Debtor renewed and continued its obligations under the Master Note as evidenced by its execution and delivery to Barnett Bank of a Renewal Master Note ("the "Renewal Note") in the principal amount of $250,000.

4. The Debtor subsequently defaulted under the terms of the Renewal Note and Barnett Bank instituted an action against the Debtor in the Circuit Court of the 11th Judicial Circuit in and for Dade County, Florida in Case No. 90–57288 CA 11 for (1) breach of the Renewal Note, (2) replevin under the Security Agreement, (3) foreclosure of the Security Interest and (4) for breach of guaranties against a guarantor.

5. On April 24, 1991, the Court entered a Final Judgment (the "Bank Judgment") [1] against the Debtor in the amount of $140,-194.00, bearing interest at the rate of 12% per annum and ordering the issuance of a Writ of Replevin with respect to the Security Interest. The Bank Judgment was recorded on April 26, 1991 in Official Records Book 14996 at Page 2051 of the Public Records of Dade County, Florida.

6. On February 13, 1992, Barnett Bank filed, in the Circuit Court, a Motion for Entry of Final Judgment on Count IV of the Complaint seeking a final judgment foreclosing Barnett's security interest.

7. On May 13, 1992, the Clerk of the Circuit Court entered a writ of execution, commanding the sheriffs of the state to levy on property of the Debtor and the Guarantor, jointly and severally, in the sum of $140,194.00.

8. On July 2, 1992, Barnett Bank entered into an agreement (the "Purchase Agreement") with Viscount whereby Viscount purchased from Barnett Bank, among other things, the Bank Judgment and Writ of Execution.

9. Pursuant to the Purchase Agreement, Viscount succeeded to all right, title and interest of Barnett Bank in the Bank Judgment and all right title and interest of Barnett Bank arising under the Renewal Note and the Bank Financing Statement and effectively stands in the shoes of Barnett Bank.

10. On August 20, 1992, Viscount filed a motion in the Circuit Court for substitution of party plaintiff.

11. On October 14, 1992, Viscount filed a UCC–3 Financing Statement of Change with the Secretary of State of Florida, File No. 92 0000209234, identifying Viscount as the substituted secured party of the Debtor.

## CONCLUSION OF LAW

■ 1. Subsequent to the assignment from Barnett Bank to Viscount of the Bank Judgment and all other rights relating to

---

1. The Bank Judgment superseded an erroneously entered Final Judgment dated April 10, 1991. Although the Court later set the Bank Judgment aside by an Order dated October 11, 1991, the Third District Court of Appeal entered a mandate reversing the order setting aside the judgment and on remand, directed the trial court to reinstate it. There currently is no issue as to the propriety or validity of the Bank Judgment.

the Renewal Note, the Security Agreement and the pending state court action, Viscount became a secured creditor of the Debtor with respect to the personal property identified in the Financing Statement and Security Agreement. The Security Interest will not be extinguished until the secured debt, now reduced to a judgment, is satisfied. *In re Glades Health Care Limited*, 84 B.R. 862 (Bankr.S.D.Fla.1988).

■ 2. Viscount's security interest in the personal property identified in the Financing Statement has been properly perfected under the UCC, and Viscount had, at the time Debtor filed this petition for bankruptcy, a security interest in all of the Debtor's accounts receivable, inventory, contract rights, chattel paper and instruments evidencing any obligation to Debtor for payment for goods sold or leased or services provided, all interest of the Debtor in any goods, the sale or lease of which shall have given or shall give rise to any of the foregoing, and any and all profits and proceeds of any of the foregoing (collectively, the "Collateral").

Based upon the foregoing, the Court does hereby

**ORDER AND ADJUDGE as follows:**

1. Viscount's Emergency Motion to Prohibit Debtor's Use of Cash Collateral is hereby granted.

■ 2. The Debtor is authorized to use the cash collateral of Viscount, and as adequate protection to Viscount, Viscount is granted a replacement lien on all post-petition accounts receivable, inventory and contracts of the Debtor to the extent the collateral of Viscount is depleted by the Debtor.

■ 3. The Debtor shall provide weekly reports to Viscount detailing the use of cash, the collection and generation of accounts receivable and contracts and the use and purchase of inventory.

4. The Court will hold an evidentiary hearing to determine adequate protection to be provided to Viscount on January 19, 1993 at 9:30 a.m. before the Honorable Sidney M. Weaver, Chief U.S. Bankruptcy Judge at the United States Bankruptcy Court, Claude E. Pepper Building, 51 S.W. 1st Avenue, Miami, Florida 33130.

5. Viscount's Motion for Relief From the Automatic Stay, or, in the Alternative, for Adequate Protection, scheduled for hearing on December 29, 1992, shall also be heard on January 19, 1993 at 9:30 a.m.

**DONE AND ORDERED.**